IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| T.J. MAJOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. WDQ-10-3077 |
| G.R. FORSTER, et al., | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

T.J. Major, a former prisoner, sued physician's assistant Gerard Forster and Dr. Mohamed Moubarek (the "Defendants") for denial of medical care and other claims. Pending is the Defendants' Motion to Dismiss or for Summary Judgment.[1] No hearing is necessary. *See* Local Rule 105.6. (D. Md. 2011). For the following reasons, the motion for summary judgment will be granted.

I. Background

Major is a former Bureau of Prisons inmate once housed at the Federal Correctional Institution ("FCI") in Cumberland, Maryland. He has a history of pre-incarceration intestinal surgery (which resulted in removal of 18 feet of his small intestine), hypertension, chronic neck and lower back discomfort, osteopenia,[2] Vitamin B12 deficiency, and malabsorption.[3] As a result of the surgery, Major has had episodes of malabsorption and chronic bouts of diarrhea.

---

[1] Defendants' records have been placed under seal. *See* ECF Nos. 18-20.

[2] In 2005, a test revealed that Major had osteopenia, lower than normal bone mineral density levels. ECF No 16 at Ex. 2 Attach. A; ECF No. 19.

[3] Malabsorption is a condition in which the body does not effectively absorb the nutrients from

From his 2000 arrival until his October 2008 discharge from FCI, Major was treated repeatedly at the Chronic Care Clinic ("CCC"). ECF No. 16 at Ex. 1 & Ex. 2, Attach. A; ECF No. 19. He received supplements and medication,[4] was treated for back pain,[5] and was educated about his dietary needs. His absorption rate was monitored throughout his eight-year confinement at FCI, and his weight did not substantially change, remaining between 196 to 215 pounds.

In 2006, Major asked to be allowed to take his meals from the chow hall to his housing unit, and the request was granted. ECF No. 16 at Ex. 2, Attach. A; ECF No. 19.

On October 29, 2010, Major filed this civil rights action,[6] seeking damages for: (1) the denial of "crucial medications" and nutritional supplements; (2) the denial of institutional meals from March 2006 to July 2006; (3) verbal and physical assaults from cellmates;[7] (4) delay of medical care after more than three years of maltreatment, resulting in his receiving emergency

---

food in the small intestine.

[4] These included Vitamin B12, alendronate, amlodipine (a calcium and Vitamin D supplement), ferrous gluconate 324, lisinopril, verapamil, magnesium oxide, naproxen, ranitidine, potassium chloride, and cynacobalamin 1000 injections for hypertension, osteopenia, stomach pain, and deficiencies of iron, calcium, magnesium, and potassium. ECF No. 16 at Ex. 2, Attach. A; ECF No. 19.

[5] In 2005, Major was approved for a Dexa Scan, which revealed normal bone density. In 2008 he received an electromyography to determine if he had dysfunction of the nerve root of the cervical spine ("cervical radiculopathy"). The test results were normal. ECF No 16, at Ex. 2, Attach. A; ECF No. 19. He received Indocin and Feldene for subjective complaints of pain. ECF No. 19.

[6] As a former federal prisoner, Major asserts his civil rights claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[7] This ground was raised in generalized terms and was not briefed by the parties. Major's attachments solely relate to his medical claims. Therefore, any claims going to the alleged assaults shall be dismissed without prejudice as abandoned.

hospitalization in July of 2005; (5) the denial of recommended treatment upon his hospital discharge; (6) denial of his attempts to seek counsel and to obtain relief through the administrative remedy process; (6) tampering of his legal mail; and (7) the manner in which his administrative remedy was rejected. Major asserts that the Defendants' actions have negatively affected his "debility" and his ability to "ply his craft." ECF No. 1.[8]

On May 12, 2011, the Defendants moved for summary judgment. ECF No. 16. On July 1, 2011, Major opposed that motion. ECF No. 23. On July 13, 2011, the Defendants filed their reply. ECF No. 24.

II.   Analysis

A. Standard of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a

---

[8] Accompanying the Complaint are 42 pages of documents consisting of administrative remedies, Bureau of Prisons ("BOP") remedy responses, and medical records.

sufficient showing on an essential element of his case as to which he would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable interferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.* 290 F. 3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F. 3d 514, 526 (4th Cir. 2003).

    B. Eighth Amendment

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *DeLonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure that the needed

care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The medical condition at issue must be serious.[9]

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer*, 511 U.S. at 844.

If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.[10]

Inmates do not have a constitutional right to the treatment of their choice, *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986), and disagreements between medical staff and an inmate over the necessity for or extent of medical treatment do not rise to a constitutional injury.[11]

---

[9] *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).

[10] *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2001), *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken, not those that could have been taken).

[11] *See Estelle*, 429 U.S. at 105-06; *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Fleming v. LeFevere*, 423 F.Supp.2d 1064, 1070-71 (C.D. Cal. 2006).

It is undisputed that Major received extensive evaluations, medications, lab work, and education regarding his dietary needs while confined at FCI. There is no independent record that he was denied emergency hospitalization in July 2005 or regular meals in 2006.[12] He received treatment for his conditions of small bowel syndrome, hemorrhoids, diarrhea, lower back pain, and hypertension. Major may disagree with the sufficiency of that care, but the record shows no subjective deliberate indifference. Moreover, there is no record that Major received emergency care at either FCI or a hospital in July 2005, or that he complained that he was denied meals for any period of time in 2006. The Court finds no Eighth Amendment violation.

Major's Complaint also alleges that his administrative remedies were not properly reviewed. In addition, he raises a conclusory claim that his unidentified "legal correspondence" was opened on an unspecified dates, by unknown individuals. Major has no constitutional right to an administrative remedy or grievance process, whether or not it is established by an agency. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, he has failed to show Defendants'

---

[12] The record does reveal that in May of 2005, Major was admitted to a local hospital (Memorial Hospital Center) after collapsing at FCI. ECF No. 19. He was primarily diagnosed with decreased electrolytes. *Id.* Even assuming every allegation in the complaint is true, however, Major has (1) failed to state a constitutional claim for medical indifference and (2) his allegations are time-barred. Major's claims center on his being denied emergency care resulting in his 2005 hospitalization and his being denied meals for several months in 2006. Major filed this action in October of 2010. The statute of limitations for civil rights action filed under *Bivens* arising in Maryland is three years. *See generally Owens v. Okure*, 488 U.S. 235 (1989). While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a *Bivens* claim. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir.1975); *see also Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir.1995) (holding that *Bivens* actions governed by same statute of limitations as 42 U.S.C. § 1983 actions; limitations period for § 1983 actions is same as personal injury actions in state in which claim accrues). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md.Code Ann., Cts. & Jud. Proc., § 5-101. Although the state statute of limitations applies, the time of accrual of the action is a federal question. The running of the statute of limitations begins when Major knows or has reason to know of his injury. At the latest, he should have known of his injuries in 2006. Because the instant Complaint was filed more than four years later, the statute of limitations now bars consideration of these civil rights claims.

involvement as to these claims and/or damages, or injury from the alleged handling of his grievances or his legal mail.

III. Conclusion

For the reasons stated above, Defendants' motion for summary judgment will be granted. A separate Order follows.

1/30/12
Date

_____
William D. Quarles, Jr.
United States District Judge